## Case No. 9,391.

### The MEDORA.

[1 Spr. 138.][2]

District Court, D. Massachusetts. Aug., 1846.

BOTTOMRY—SUPPLIES—WHAT ARE NECESSARY—MASTER—COMPETENCY AS WITNESS.

1. In a suit by the holder of a bottomry bond, given by the master of a vessel, in a foreign port, for necessary supplies, the master is a competent witness, to prove that the supplies were furnished, and that they were necessary.

2. Supplies are necessary, when they are fit and proper for the service in which the vessel is engaged, and such as a prudent owner would order.

[Cited in The Lulu, 10 Wall. (77 U. S.) 201; The George T. Kemp, Case No. 5,341.]

3. Particular items examined.

In admiralty.

S. Bartlett, for libellants.

R. Choate, for claimants.

SPRAGUE, District Judge. This is a libel to enforce payment of a bottomry bond, given

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

by the captain of the bark Medora, at Manilla. The holders of the bond, offer the captain as a witness, to the circumstances under which the bond is given. This evidence is objected to, and the case of The Fortitude [Case No. 4,953] is cited. In that case, the deposition of the captain was rejected, at the hearing, but in a subsequent and more deliberate examination of the question, Judge Story states, that he finds no authority in support of his ruling, but several against it, and indicates such doubts of its correctness, as to neutralize its authority. The Nestor [Id. 10,126] was the case of material men, claiming a lien for articles furnished in a foreign port. The captain was offered, as a witness for them, and admitted. There is an exception from the general rule of evidence excluding interested witnesses, by which agents are admitted, from necessity or public convenience. 1 Greenl. Ev. § 416, and cases there cited; Fuller v. Wheelock, 10 Pick. 137. It is urged by the counsel for' the respondent, that agents are not admitted, unless where their interest is balanced. If so, agents constitute no exception from the general rule, by which, in order to exclude, there must be a direct and certain interest. If balanced, there is no interest.

It has been suggested, that the case of The Nestor was overruled by that of The Fortitude [supra], but for the reasons already stated, I cannot so consider it, nor can I perceive any sufficient ground of distinction, by which the captain is a competent witness for material men, to prove that supplies were furnished, and necessary, in order to maintain their lien; and not a competent witness for the bondholders, to prove the same facts, in order to maintain their lien.

Were the supplies necessary? They are necessary, if they are fit and proper for the service in which the vessel is engaged, and what the owner of that vessel, as a prudent man, would have ordered, if present. The Alexander, 1 Wm. Rob. Adm. 362.

First. As to the one hundred and three dollars, paid for unlading the outward cargo. I see nothing in this case to exempt the owner of the vessel from the obligation to bear this expense. It was clearly necessary.

Second. Wages. The amount paid, was due to the seamen, and the owners were legally bound to pay it, at the time, and it was eminently fit and proper that that obligation should be fulfilled by the captain.

Third. The fifty-two dollars borrowed of the clerk. On the outward passage, the crew became sick, and the captain put into St. Helena, for fresh provisions. He was without money, and borrowed of the clerk, and promised payment at Manilla. I have no doubt that the clerk had a lien upon the ship, which he might have enforced at Manilla, and that the master might well have taken up money on bottomry, for the purpose of discharging his claim. The Vibilia, 1 Wm. Rob. Adm. 8; The Trident, Id. 34.

Fourth. The sixteen dollars mentioned in the account, as board. The captain testifies, that this was, in fact, expended for several small items of necessity, at Manilla. I do not see sufficient ground to discredit the statement of the captain; and I have no doubt, that it was proper that the master should receive the small amount for contingencies, which was advanced to him for that purpose.

Fifth. The captain expended sixty dollars, at Manilla, for his own clothing. It is insisted, that this sum ought to have been appropriated by him to the necessities of the vessel, and reduced the bond to that extent. The owners had, on board the ship, an invoice of naval stores, to the nominal amount of about eight hundred dollars, which was consigned to Peel, Hubbell & Co., of whom the captain obtained an advance of one hundred and ten dollars, sixty of which he expended in necessary clothing for himself. This having been actually and rightfully expended by the captain; I cannot see that it affects the question of the necessity for the supplies to the vessel.

Sixth. The two hundred and thirty-four dollars, since realized from that invoice of naval stores. Peel, Hubbell & Co., were the agents of the libellants in making the advances for which the bond was given; and it is strenuously urged in behalf of the respondent, that, to the extent of the two hundred and thirty-four dollars, the captain was not without funds, or the means of raising them; and that the goods, being in the hands of the agent of the libellants, that amount, at least, ought to be deducted from the bond. If the libellants' agents had in their hands, property which ought to have been appropriated to the use of the vessel, the bond, to that extent, cannot be upheld.

How, then, is the fact? All the evidence comes from the captain; he testifies, that one hundred and ten dollars was all that could be obtained upon that invoice; that he went throughout Manilla, and made great exertions to obtain more, by sale or otherwise, but without success; and that he was compelled to leave the property in the hands of the consignees. I cannot say that the consignees were bound to advance more on that property, or that the captain could have obtained, by means of it, more than the one hundred and ten dollars. We have no information, under what circumstances the two hundred and thirty-four dollars have since been realized; and if any credit is to be given to the captain's testimony, this invoice did not furnish him the means of procuring funds to any amount over the one hundred and ten dollars.

Decree for $1587.35, and costs.

That the master is a competent witness, in favor of the holder of the bottomry, was decided in Furniss v. The Magoun [Case No. 5,163], a case reported since the decision of Deshon v. The Medora [Id. 3,820]. See same case, Leland v. The Medora [Id. 8,237].